## McShea's Estate

*Thomas S. Mszanowski*, for petitioner.
*Brooks, Curtze* and *Silin*, contra.

HIRT, P. J., December 30, 1936.—This is a proceeding by the Department of Justice, acting for the Department of Revenue, to collect the cost of past maintenance of Helen McShea, an inmate of the Warren State Hospital, for the period January 25, 1926, to October 31, 1934, amounting in all to $2,151.22.

In answer to the petition of the Department of Justice for an order on W. S. Pole, guardian of Helen McShea, he filed the following statement of record:

"That as guardian of Helen McShea he has not at any time been in position nor in control of any real estate, or other property which belong exclusively to Helen McShea; that the real estate which he sold and from which all of the monies coming into his hands was derived was property owned jointly by John McShea, and he is advised that the same can become her personal property only in the event of her surviving her husband, John McShea."

The last account of the guardian of Helen McShea shows a balance of $2,991.50 in his hands as guardian. After the above statement was filed by the guardian, on supplementary petition of the Department of Justice, John McShea, husband of the above weak-minded person, was ruled to show cause why the prayer of the original petition should not be granted and an order made on the fund for the payment of past maintenance.

The facts are not in dispute. All of the property of the inmate Helen McShea consisted of a piece of real estate held by her and her husband John McShea by entireties. This land was sold and the guardian of the

inmate was authorized to join with John McShea, the husband, in a conveyance of the land to the purchaser. John McShea, the husband, permitted the entire proceeds of sale to be paid to the guardian of Helen McShea and the fund has been treated as her separate estate without protest from the husband, so far as the record discloses. This fund is liable for the past maintenance of this inmate in a State hospital, and the amount of the Commonwealth's claim is not disputed.

Under the Act of June 1, 1915, P. L. 661, sec. 1, "the property or estate" of the inmate is liable for her maintenance. If the fund in the hands of the guardian be considered as the property of the inmate and John McShea by entireties, this property is liable for maintenance of the inmate to the extent of any order that any court of record of this Commonwealth may make against the spouse of such inmate: Act of June 1, 1915, supra, sec. 3, as amended by the Act of May 10, 1921, P. L. 438, sec. 2. By this act the liability for the support of the inmate is declared to be the joint liability "of such owners to the extent of such order and enforcement against their joint as well as their several properties." Therefore, treated as property held by entireties, the court has the power to make an order for the payment of the Commonwealth's claim out of the fund. The amending Act of April 25, 1929, P. L. 704, sec. 2, gives the court of common pleas the authority, upon application such as has been made in this case, to make an order for the payment of maintenance to the Commonwealth upon the guardian of any such inmate, or against the husband of the inmate, in such amount as the court in its discretion deems proper, taking into consideration his ability to pay. Similar authority is given the court by The Mental Health Act of July 11, 1923, P. L. 998, as amended by the Act of April 25, 1929, P. L. 700, sec. 3.

This inmate has no property other than the above fund in the hands of her guardian; the husband is employed and it is admitted that current bills for the maintenance

of his wife are being paid by him to the Commonwealth and that he has the ability to continue their payment in the future. It is apparent that he has the ability to pay this claim for past maintenance out of any interest he may have in the fund in the hands of the guardian. We are therefore of the opinion that the prayer of the petition should be granted.

And now, to wit, December 30, 1936, it is ordered that W. S. Pole, guardian of the estate of Helen McShea, a weak-minded person, within 60 days from this date, pay to the Commonwealth of Pennsylvania the sum of $2,-151.22 from the fund in his hands as guardian, in satisfaction of the claim of the Commonwealth for maintenance of Helen McShea at Warren State Hospital for the period from January 25, 1926, to October 31, 1934.